# ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA    2005 DEC -2   AM 9: 59

DUBLIN DIVISION

CLERK _L. Tlebulers_
SO. DIST. OF GA.

NORRIS ROOSTER OWENS, JR.,                )
                                          )
            Petitioner,                   )
                                          )
      v.                                  )    CV 305-141
                                          )
VANESSA O'DONNELL,                        )
                                          )
            Respondent.                   )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]  As explained herein, the Court **FINDS** that Petitioner has filed a second application for a writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals.  Accordingly, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* (doc. no. 8) be deemed **MOOT**, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

---

[1]Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## I. BACKGROUND

Petitioner attempts to challenge his "1990" conviction for arson in the Superior Court of Dodge County, Georgia. (Doc. no. 6, pp. 16-17). Strangely, Petitioner maintains that he appealed his conviction to the Eleventh Circuit, but that he received "no answer." (Id. at 17). Petitioner provides no additional facts concerning the procedural history of his case or his previous attempts to obtain post-conviction relief.

Notwithstanding Petitioner's confusing and incomplete petition, Petitioner's case is quite familiar to the Court. Petitioner has previously sought relief under § 2254 in this Court; his petition was dismissed as time-barred by the applicable one-year statute of limitations.[2] See Owens v. Tillman, CV 300-060, doc. no. 13, *adopted by* doc. no. 15 (S.D. Ga. May 14, 2001). As Petitioner has previously filed an application for a writ of habeas corpus pursuant to § 2254, the Court **FINDS** that the current application is second or successive.[3]

## II. DISCUSSION

The relevant portion of the statute governing second or successive habeas corpus applications states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. §

---

[2]This Court has the authority to take judicial notice of its own documents. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

[3]When a habeas petition is properly dismissed as time-barred, that dismissal constitutes an adjudication on the merits which renders any subsequent petition second or successive. See, e.g., Murray v. Greiner, 394 F.3d 78, 79 (2d Cir. 2005).

2244(b)(3)(A) (emphasis added).[4] Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997) (per curiam). Petitioner does not state that he has either sought or been granted permission to file a successive § 2254 petition in this Court. Without authorization from the Eleventh Circuit Court of Appeals, this Court lacks jurisdiction to consider Petitioner's claims.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules

---

[4]Section 2244 is applicable to § 2254 applications by virtue of the following provisions of § 2244:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b) (emphasis added).

3

Governing Section 2254 Cases, the Court **FINDS** that Petitioner has filed a second application for a writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals.   Therefore, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* (doc. no. 8) be deemed **MOOT**, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this _2ND_ day of _December_ 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4